```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
```

| | |
|---|---|
| ROY LEE RUCKER, | |
| Plaintiff, | |
| vs. | No. 09-2563-STA/dkv |
| CRST VAN EXPEDITED, INC., | |
| Defendant. | |

```
                   ORDER DENYING MOTION TO DISMISS
                          (DOCKET ENTRY 15)
     ORDER TRANSFERRING COMPLAINT TO THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF IOWA
                                 AND
            ORDER DENYING ALL REMAINING PENDING MOTIONS AS MOOT
```

On August 31, 2009, Plaintiff Roy Lee Rucker, filed a complaint against Defendant CRST Van Expedited, Inc., on the form complaint for alleging violations under Title VII of the Civil Rights Acts of 1964. On March 10, 2010, Defendant filed a motion to dismiss Plaintiff's complaint because the complaint alleged that Defendant discriminated against Plaintiff on the basis of Plaintiff's age, rather than by committing any violation of Title VII. Defendant contends that Plaintiff's complaint fails to state a claim upon which relief can be granted.

Alternatively, Defendant requests that the Court transfer the action to the United States District Court for the Northern

District of Iowa because all events giving rise to the complaint occurred in Cedar Rapids, Iowa, all potential witnesses are located in Iowa, and Defendant is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Defendant provides the affidavit of James T. Barnes, Human Resources Director for Defendant, which states that Plaintiff's online application was reviewed in Cedar Rapids, Iowa, the determination to remove Plaintiff from consideration was made in Cedar Rapids, Iowa, and had Plaintiff been hired, Plaintiff would have been based out of Cedar Rapids, Iowa. Plaintiff has responded to the motion to dismiss contending he was recruited out of Memphis, Tennessee.

Plaintiff's complaint is sufficient to state a claim under Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 *et seq.*, despite Plaintiff's use of the form for alleging violations under Title VII. However, it is apparent that Plaintiff has filed his complaint in the wrong venue. Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This case has no connection with this district apart from the fact that Plaintiff resides here. Cedar Rapids, Iowa, is in the

Northern District of Iowa, 28 U.S.C. § 95(a)(1). The complaint asserts no basis for venue in this district.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the Northern District of Iowa. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the United States District Court for the Northern District of Iowa.  The Clerk shall close this case without entry of judgment.

IT IS SO ORDERED this 16th day of April, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE